```
 1   Mike Arias, Esq. (CSB #115385)
     Mark A. Ozzello, Esq. (CSB #116595)
 2   H. Scott Leviant, Esq. (CSB #200834)
     Jason E. Barsanti, Esq. (CSB #235807)
 3   ARIAS OZZELLO & GIGNAC LLP
     6701 Center Drive West, Suite 1400
 4   Los Angeles, California 90045-1558
     Telephone:  (310) 670-1600
 5   Facsimile:  (310) 670-1231
     e-mail:  marias@aogllp.com,
 6            hsleviant@aogllp.com

 7   Attorneys for Plaintiffs in Intervention
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM J. HARPER, an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RED ROBIN INTERNATIONAL INC. a Nevada corporation and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. SACV07-124 JVS (RNBx), and related Case No. SACV06-181 JVS (RNBx)<br><br>Hon. James V. Selna<br>Courtroom 10C<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION FOR:**<br><br>**AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES.**<br><br>[Filed concurrently with Declaration of Mike Arias]<br><br>Date:  May 19, 2008<br>Time:  1:30 p.m.<br>Ctrm:  10C |

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 19, 2008, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 10C of the United States District Court, Central District of California, located at 411 W. Fourth Street, Santa Ana, California, Arias, Ozzello & Gignac, LLP ("AOG") will move the Court for an Order:

Approving attorneys' fees to be paid to AOG for its representation of Plaintiffs and reimbursing AOG for the reasonable expenses incurred in connection with this action, in the aggregate amount of $207,330.

This Application is based upon this Notice, the Memorandum of Points and Authorities submitted herewith, the Declaration of Mike Arias, Esq. filed herewith, the pleadings and records on file in this matter, and such additional oral argument and documentary evidence as may be presented and considered at the time of the hearing on this Application.

Dated: May 9, 2008

Respectfully submitted,

ARIAS OZZELLO & GIGNAC LLP

By: _____
MIKE ARIAS
MIKAEL H. STAHLE
H. SCOTT LEVIANT
JASON E. BARSANTI
Attorneys for Class Plaintiffs
and Class Counsel

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Arias Ozzello & Gignac LLP ("AOG") submits the following application for award of attorneys' fees and reimbursement expenses. AOG, formerly counsel for Matthew Huggett in the *Huggett v. Red Robin* action, diligently pursued claims on behalf of the class, including voicing its opinion regarding the proposed settlement in order to inform this Court's ultimate decision on whether or not to approve the settlement.

### A.   Case History

These class action lawsuits, *Harper v. Rod Robin* and *Huggett v. Red Robin*, arise from Defendant's failure to provide its hourly employees with meal and rest periods required under the California Labor Code.

Matthew Huggett filed his putative class action against Defendant Red Robin on December 30, 2005 in Orange County Superior Court.[1] Huggett's Complaint, brought on behalf of all current and former employees of Red Robin, alleges Defendant's failure to provide meal and rest breaks and related claims. Defendant subsequently removed the *Huggett* action to this Court.

Almost one year later, on December 20, 2006, William Harper filed a tag-along lawsuit in Orange County Superior Court purporting to represent a similar class with essentially the same claims for relief. Defendant removed that action.

On or about April 16, 2007, Defendant and AOG, then acting on behalf of Matthew Huggett and the putative class, engaged in a mediation session before the Honorable Edward J. Infante (ret.). That mediation lasted only a very short time. It quickly became clear that no settlement could be reached at that time due primarily to a fundamental disagreement over the process of claims administration.

---

[1] Huggett's case was originally filed by attorney Richard Quintilone. Later, Mr. Quintilone brought AOG into the case as associate counsel.

  Meanwhile, AOG (then counsel for Huggett) moved to certify four subclasses. While AOG was actively litigating the case on behalf of the putative class, counsel for Harper engaged in mediation with Defendant, which mediation resulted in the proposed settlement currently before this Court.

  Around the time that counsel for Harper was settling, Defendant opposed Huggett's motion for Class Certification. Defendant supported its opposition with declarations from 19 individuals who were not disclosed, in violation of Defendant's duty under Federal Rule of Civil Procedure 26. AOG (counsel for Huggett) moved *ex parte* for an order striking the declarations or requiring Defendant to produce the declarants, requiring Defendant to produce all electronic data for the stores at which the declarants worked, and continuing the deadline for Huggett's reply.

  The Court granted AOG the right to take discovery on the declarations, took Huggett's motion off calendar for this purpose, and granted AOG amicus status in the *Harper* case to voice its opinions on the settlement. Immediately thereafter, co-counsel for Huggett, Richard Quintilone, along with Matthew Huggett, joined Harper's counsel in supporting the proposed settlement.

  Realizing that its duty to protect the class lay in direct and irreconcilable conflict with its duty to advocate the interests of its client, and feeling strongly that the proposed settlement is not in the best interest of the class, AOG sought to withdraw from its representation of Matthew Huggett. On October 22, 2007, this Court granted AOG's request to withdraw, thereby allowing Counsel to direct its efforts at protecting the class from the instant settlement.

  On November 21, 2007, the initial notice of class certification and proposed settlement to class members was mailed out. The deadline for class members to object to the settlement, to submit a claim form or opt out of the class (for class members who received notice postmarked on or prior to

November 21, 2007) was January 21, 2008. February 19, 2008 was the deadline for class members to submit a claim form or to opt out of the class (for class members who received notice postmarked between November 21, 2007 and December 21, 2007).

**B.** **Attorneys' Fees and Expenses of AOG Related to this Suit Are Recoverable**

The proponents of the proposed settlement have agreed that Plaintiffs' Counsel are entitled to recover their attorneys' fees and costs not to exceed the aggregate amount of five hundred thousand dollars ($500,000). As of the date of the filing of this Application, AOG has incurred costs in an amount of approximately $31,530. This amount includes the cost of the mediation session and work necessary in their duty as AOG to protect the class. Arias Decl., ¶ 11. Additionally, as of the date of the filing of the Stipulation of Settlement, AOG has expended approximately 558 hours of time on this case, equating to a "Lodestar" in excess of $175,800. Arias Decl., ¶ 5.

## II.

## ARGUMENT

**A.** **The District Court Must Determine Whether the Amount and the Mode of Payment of Attorneys' Fees are Fair and Proper**

In the Ninth Circuit, "a district court must carefully assess the reasonableness of a fee amount spelled out in a class action settlement agreement." *Staton v. Boeing,* 327 F.3d 938, 963 (9th Cir. 2003). As the Ninth Circuit Court of Appeals stated in *Zucker v. Occidental Petroleum Corp.,* 192 F.3d 1323, 1328 (9th Cir. 1999): "[i]n a class action, whether the attorneys' fees come from a common fund or are otherwise paid, the district court must exercise its inherent authority to assure that the amount and mode of payment of attorneys' fees are *fair and appropriate*."

The United States Supreme Court has indicated that the resolution of

(ARIAS OZZELLO & GIGNAC LLP)

attorneys' fee issues is the ideal toward which litigants should strive. In *Hensley v. Eckerhart* (1983) 461 U.S. 424, 437, the United States Supreme Court stated: "A request for attorney's fees should not result in a second major litigation."

In calculating attorneys' fees in civil class actions, "the district court has discretion to use either a percentage or lodestar method" in order to calculate the attorneys' fees to be awarded to Counsel. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) ("Under Ninth Circuit law, the district court has discretion in common fund cases to choose either the percentage-of-the-fund or the lodestar method.").

"The most useful starting point for determining the amount of a reasonable fee is [1] the number of hours reasonably expended on the litigation [2] multiplied by a reasonable hourly rate." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir.2001) (relying upon *Hensley*, 461 U.S. at 433). The resulting figure is known as the "Lodestar."

To determine what qualifies as reasonable attorneys' fees, the Ninth Circuit has adopted the twelve factors noted in *Hensley* (the "Lodestar factors") as "guidelines [and] as appropriate factors to be considered in the balancing process required in a determination of reasonable attorney's fees:"

(1) the time and labor required,
(2) the novelty and difficulty of the questions involved,
(3) the skill requisite to perform the legal service properly,
(4) the preclusion of other employment by the attorney due to acceptance of the case,
(5) the customary fee,
(6) whether the fee is fixed or contingent,
(7) time limitations imposed by the client or the circumstances,
(8) the amount involved and the results obtained,

1    (9)   the experience, reputation, and ability of the attorneys,
2    (10)  the "undesirability" of the case,
3    (11)  the nature and length of the professional relationship with the client, and
4    (12)  awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 71 (9th Cir.1975); *see also $12,248 U.S. Currency*, 957 F.2d 1513, 1520 (9th Cir. 1992) (applying the twelve factors outlined in *Kerr* to the EAJA). "[Although] the lodestar determination has emerged as the predominate element of the analysis....the court [can still] make adjustments to the lodestar figure based on the 'riskiness' of the lawsuit and the quality of the attorney's work." *Jordan v. Multnomah Co.*, 815 F.2d 1258, 1262 n. 5 (9th Cir.1986).

B.  **In the Event the Court Grants the Proposed Settlement, the Attorneys' Fees Requested Are Reasonable Under the Lodestar Method**

In order to calculate the Lodestar, the District Court should multiply the reasonable hours expended on the litigation by a reasonable hourly rate. *See Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). The Court may then assess whether the fees requested are reasonable by applying the twelve Lodestar Factors as "guidelines [and] as appropriate factors to be considered in the balancing process required in a determination of reasonable attorney's fees." *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 71 (9th Cir.1975).

In this case, an analysis of the relevant factors demonstrates that AOG's fee request is reasonable under the Lodestar method. First, a significant amount of time and labor were required from AOG in this case. AOG has actively participated in the litigation of these matters on behalf of Matthew Huggett and the putative class for the majority of this litigation. When AOG felt its duty to protect the class may have been in conflict with its duty to advocate the interests of its then client, Matthew Huggett, AOG withdrew and

concentrated its efforts on protecting the members of the class. In addition, AOG engaged in law and motion (including a motion for class certification), discovery, and extensive review of payroll documents to prepare for mediation. Arias Decl., ¶ 14.

As a result of the time required and difficulties encountered in pursuing this case, AOG devoted 558 hours of time to this case. When valued at AOG's normal hourly rates, that time equates to a Lodestar of approximately $175,800.00, at a very reasonable "blended" or "average" rate of about $315 per hour. Arias Decl. ¶ 6. For these reasons, the time spent by AOG is quite reasonable, and the first Lodestar factor militates heavily in favor of approving the fees requested.

Second, this case presented the difficult legal challenges, not only in seeking class certification on behalf of the putative class, but also in connection with AOG's duty to protect the interests of the class when placed in direct conflict with AOG's duty to advocate the interests of Matthew Huggett, forcing AOG to withdraw from its representation of Huggett. AOG then directed its efforts to continuing to protect the class.

Third, this case required significant skill to competently perform the necessary legal services. AOG spent considerable time developing their theories of certification, liability, and damages. AOG also expended substantial effort in seeking discovery, preparing a motion for class certification necessary to advance these legal theories, and in preparing for mediation, including detailed analysis of payroll records. For these reasons, the third and ninth Lodestar factors weigh heavily in favor of approving the fees requested.

Fourth, AOG undertook the risk of handling this action on a fully contingent basis. AOG has expended significant time on this matter without any compensation and has advanced the heavy costs necessary to pursue this

MOTION FOR ATTORNEYS' FEES AND EXPENSES

action. Arias Decl., ¶ 7. Plainly, without its commitment to this case, AOG could have devoted its efforts to one or more other class action matters. The financial burdens undertaken by AOG warrant strong consideration. *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1377 (9th Cir. 1993) (considering Counsel's bearing the financial burdens of the case). For these reasons, the fourth, sixth, and seventh Lodestar factors weigh heavily in favor of approving the fees requested.

Finally, despite the significant obstacles presented in this case, including but not limited to seeking class certification and preparing to prove damages on a class-wide basis, AOG diligently and aggressively represented the interests of the class members after this Court granted AOG's request to withdraw from its representation of Huggett. Thus, the experience, reputation, and ability of the attorneys and the "undesirability" of the case weigh in favor of approving the fees requested.

C. **The Reasonable and Necessary Costs Incurred By AOG Should Be Reimbursed**

Attorneys in class actions may be reimbursed for reasonable out-of-pocket expenses incurred in connection with the litigation. *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 769 (9th Cir. 1977). "Fees *and costs* are awarded to an attorney for his efforts … for the benefit of the class whom he represents." *In re Nucorp Energy, Inc.*, 764 F.2d 655, 661 (9th Cir. 1985) (Emphasis is added.) Without the payment of fees and costs out of the class recovery, those who have benefited from the attorneys' representation "would unfairly enjoy the benefit without having shared the costs of acquiring the benefit." *Id.*

In class actions, courts in this circuit have awarded litigation costs and expenses in addition to an award of attorneys' fees. *See, e.g., In re Businessland Securities Litigation*, 1991 W.L. 427887, *2-3 (N.D. Cal. 1991)

(granting fee award of 30% of settlement fund *plus* expenses of $90,574.78, citing several cases from this and other circuits that held similarly). As the Ninth Circuit recognized in *Powers v. Eichen*, 229 F.3d 1249, 1258 (9th Cir. 2000), "the choice of whether to base an attorneys' fee award on either net or gross recovery should not make a difference so long as the end result is reasonable."

In this case, and in the event this Court grants the proposed final settlement, AOG has advanced more than $31,530 in costs and expenses. Arias Decl. ¶ 11. These costs are reasonable under the circumstances, particularly considering the following factors: (1) the duration of the litigation – almost a year and a half; (2) the fact that AOG was required to be actively involved in litigation on behalf of the class and on behalf of Matthew Huggett (prior to their withdrawal on October 22, 2007); (3) the complexity of the litigation and the fact that it was prepared to handle the issues of liability and damages; (4) the complicated organization necessary to manage almost 21,000 plaintiffs; and (5) the fact that the case required a mediation session before an established and experienced mediator.

For these reasons, coupled with the fact that this Court granted AOG amicus status to in the Harper case to voice its opinions regarding the settlement, AOG respectfully requests that this Court grant the instant application for costs in the amount of $31,530.

### D. AOG Has a Right to Recover the Reasonable Value of Its Services Performed on Behalf of the Class

AOG also has a basis for an award of attorneys' fees and costs under the doctrine of *quantum meruit*. As detailed herein, AOG spent substantial time, effort, and expense prosecuting this case on behalf of Mr. Huggett and the putative class. After being forced to withdraw, AOG continued to advocate for the protection of the interests of the class members in an effort to obtain the

best possible settlement.

An attorney may recover from his client on a quantum meruit basis for the reasonable value of his services. See *Herron v. State Farm Mutual Ins. Co.*, 56 Cal.2d 202, 205-207 (1961); *Moore v. Fellner*, 50 Cal.2d 330, 343 (1958). This has been the rule whether the attorney's contract is for a fixed fee or is a contract where the amount of the fee, the liability therefor, or both, are contingent. The rule has the support of the weight of authority outside California. See *Fracasse v. Brent*, 6 Cal.3d 784, 798 (1972); *Batter v. Williams*, 316 F.2d 540, 540-541(5th Cir. 1963); *Kikuchi v. Ritchie*, 202 F. 857, 859 (9th Cir. 1913).

### III.
### CONCLUSION

For all of the foregoing reasons, and on the basis of the authorities cited herein, AOG respectfully request that this Court enter an order awarding AOG attorneys' fees and costs in the aggregate amount of $207,330.

Dated: May 9, 2008

ARIAS OZZELLO & GIGNAC LLP

By: _____
MIKE ARIAS
MARK OZZELLO
MIKAEL H. STAHLE
H. SCOTT LEVIANT
JASON E. BARSANTI

Attorneys for Plaintiffs in Intervention